# George A. Weiss Malting & Elevator Company
## v.
## Julius Stern.

*Negotiable Instruments—Check—Recovery on by Indorsee—Fraud by Payee—Notice.*

1. There can be no recovery by the payee, upon the check of a corporation given by its president in payment of a personal debt.

2.   In an action brought by the indorsee of a check to recover thereon, this court holds, in view of the evidence, that the plaintiff had notice of the fraudulent representations under which the same was obtained, and that the judgment in his favor can not stand.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. E. J. WALSH, for appellant.

Mr. LOUIS DANZIGER, for appellee.

WATERMAN, J.   This was an action begun by Julius Stern against appellant before a justice of the peace upon a check, reading as follows:

"George A. Weiss Malting & Elevator Company, Chicago, Barley Elevator No. 5672, Chicago, January 31, 1889.   Pay to the order of Ernst Melaun two hundred (200) dollars and no cents, to the National Bank of Illinois, Chicago.

"GEORGE A. WEISS, President."

Indorsed on the back:

"ERNST MELAUN.

"For deposit, JULIUS STERN."

The circumstances of the obtaining of the check by appellee, were that the payee, Ernst Melaun, and one Joseph Salomon, entered into partnership under the name of "The North Chicago Iron Works."   The partnership articles provided that the proprietor of said works should be Salomon and the superintendent Melaun; that Salomon should be the treasurer and have exclusive control of the funds and money of the partnership, lodging the same in bank in his own name, and that he should have the exclusive power of drawing checks and making and signing notes; that Salomon should put into the business $600, and also stock in hand, tools and machinery, and should hold the shop, machinery, tools, moneys and accounts of the business as security for said $600, and have a first lien on the machinery, tools, choses in action and property of the partnership to the extent of said $600; that all

moneys belonging to the firm should be deposited in bank in the name of Salomon.   Salomon and Melaun having difficulty, Melaun applied to appellee, an attorney, to assist him.

Appellee saw Salomon, examined the articles of partnership, the accounts and condition of the firm; was informed that Melaun had given chattel mortgages on his property and could not do business in his own name; took the names of debtors and creditors from the ledger; made a statement of debts and credits, and saw that George A. Weiss was a debtor.

Mr. Meiselbar, an attorney who acted for Mr. Salomon in this matter, testified that he and appellee went over the entire business of the partnership, and that they found that Melaun had overdrawn his accounts and was heavily indebted to other people; that Salomon advanced the money to carry on the firm business, and that the firm was insolvent; this appellee does not deny.

Meiselbar further testified that appellee told Melaun not to endeavor to collect any of the firm debts.   Appellee testifies that he does not remember telling Melaun not to collect the claim from Weiss.

When appellee and Meiselbar had completed their examination, the parties separated to meet again in a few days; in about a week, pursuant to notice, the parties met at the office of appellee, when it was for the first time learned by Salomon, that during the interval since the previous meeting, Melaun had collected $200 due from George A. Weiss to the partnership.

George A. Weiss testified that Melaun came to his office with a bill made out, George Weiss pay to Ernst Melaun.  " I asked him how he came to collect the bill.  He represented that he had bought out the iron works, and I gave him the check.  About two hours afterward I got a message from Salomon that Melaun had no right to collect, and I stopped payment of the check.  The Malting Company was not indebted to the iron works.  I was individually."

Appellee testified that Melaun came to his office with the check and asked to be identified at the bank upon which it was drawn; that appellee, not being acquainted at that bank,

could not identify him as desired, and had him indorse the check, and then gave to Melaun his, appellee's, check for $200 on the bank with which he, appellee, kept an account; that he deposited the check upon which suit is brought on that or on the succeeding day; that payment on it was stopped, and he had to refund the money to his bank, and that he has never received any part of it back.

It is manifest that Melaun could not have recovered upon the instrument in suit. The Malting Company, whose check it was, did not owe him or the partnership of which he was a member, anything, and so far as the Malting Company is concerned, there was no consideration for the check.

The question, then, is, did appellee receive it without notice of the circumstances under which it was obtained?

Appellee, from the examination of the books of the Iron Works Company, had notice that the Malting Company did not owe the Iron Works Company anything, but that George A. Weiss, its president, did; the indebtedness of Weiss had been a subject of discussion between Melaun, appellee, and the representative of Salomon. That Melaun had no right to collect this indebtedness, appellee knew, not only from the articles of partnership, but from the examination he had made of the firm's condition, in which he had learned that the firm was indebted; that Melaun had largely overdrawn his account with it, and was himself insolvent and unable to do business in his own name. Any person having the knowledge that appellee did, might be held to have been put upon notice of the fraudulent representations under which this check was obtained, but when we consider that in and about the relations of Melaun to the firm, appellee was his attorney and confidential adviser, we are driven to the conclusion that he must be presumed to have taken this check with full notice of the means Melaun had resorted to in order to obtain it, and of his utter want of right to it, or the money that it called for.

The judgment of the court below is therefore reversed.

*Reversed and remanded.*